FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA SRS
2026 NOV 10 PM 3:10
CAROL L. MICHEL, CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

# FELONY

**SUPERSEDING BILL OF INFORMATION FOR CONSPIRACY TO COMMIT WIRE FRAUD AND VIOLATIONS OF THE FEDERAL CONROLLED SUBSTANCES ACT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-cr-58** |
| **v.** | * | **SECTION: "O"** |
| **KEVIN J. THOMPSON** | * | **VIOLATION: 18 U.S.C. § 371**<br>**18 U.S.C. § 1343**<br>**21 U.S.C. § 841(a)(1)**<br>**21 U.S.C. § 841(b)(1)(B)** |
| | * | |
| | * | |

* * *

The United States Attorney charges that:

**COUNT 1**
(Conspiracy to Commit Wire Fraud)

**A. AT ALL TIMES MATERIAL HEREIN:**

1. Defendant **KEVIN J. THOMPSON ("THOMPSON")** lives in New Orleans and is a resident of the State of Louisiana.

____Fee____________
____Process__________
_X_Dktd____________
____CtRmDep_________
____Doc.No.__________

2. Nina Thomas ("N. Thomas") lives in Austin and is a resident of the state of Texas. N. Thomas and **THOMPSON** met in 2021 and entered into a romantic relationship.

3. VICTIM 1 lives in Orange, Texas. VICTIM 1 is the estranged spouse of N. Thomas. On or around May 17, 2024, VICTIM 1 was deemed incapacitated by the Travis County Probate Court, in Austin, Texas and his mother was given guardianship of his estate.

4. N. Thomas and VICTIM 1 signed a prenuptial agreement on or around April 12, 2016. The agreement stated, in part: "the real and personal property that each party owns or claims prior to marriage…will remain that party's separate property during the marriage. All property, both real and personal (including all contract rights and income and proceeds therefrom), that either party acquires during the marriage by gift, devise, or descent, will be the separate property of the recipient."

5. On or around December 29, 2020, N. Thomas filed a petition for a divorce from VICTIM 1 in Travis County, Texas. Travis County has a standing order in effect for all family law cases filed on or after January 1, 2020. The standing order includes the following order for divorcing spouses:

a. Do NOT destroy, remove, conceal, encumber, transfer, or otherwise harm or reduce the value of the property of one or both spouses.

b. Do NOT sell, transfer, assign, mortgage, encumber, or alienate in any manner property of either spouse, unless specifically authorized by this Order.

c. Do NOT incur any debt, other than legal expenses in connection with this case, unless the debt is specifically authorized by this Order.

d. Do NOT withdraw or transfer money from any account in any financial institution for any purpose, except as specifically authorized by this Order.

e. Do NOT spend any cash in either spouse's possession or subject to either spouse's control for any purpose, except as specifically authorized by this Order.

f. Do NOT sign or endorse your spouse's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends. Do NOT attempt to negotiate any negotiable instrument payable to your spouse without your spouse's personal signature.

g. Do NOT enter, operate, or exercise control over the vehicle in your spouse's possession.

6. Individual 1 is a resident of Houston, Texas.

7. Capital One is a Federal Deposit Insurance Corporation insured bank, with branches throughout the United States, including the Eastern District of Louisiana.

8. Jefferson Federal Financial Credit Union is a member-owned, not-for-profit financial institution and was federally insured by the National Credit Union Association.

**B. THE CONSPIRACY:**

Beginning on or about September 6, 2021, and continuing until a date unknown, but no earlier than December 13, 2024, in the Eastern District of Louisiana and elsewhere, the defendant **KEVIN THOMPSON**, N. Thomas, and others known and unknown to the United States Attorney, willfully and knowingly did combine, conspire, confederate, and agree to transmit and cause to be transmitted by means of wire communications in interstate commerce, any writings, signs, signals, pictures, and sounds, for purposes of executing a scheme and artifice to defraud and for obtaining

money and property by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

C. **OBJECT OF THE CONSPIRACY AND SCHEME TO DEFRAUD:**

The object of the conspiracy was for the defendants to obtain money and property by means of materially false and fraudulent pretenses and representations, by causing funds and property from VICTIM 1, without his knowledge or consent, to be transferred to bank accounts under **THOMPSON** and N. Thomas' control. Through this conspiracy and scheme, defendants and their co-conspirators fraudulently obtained more than $2.7 million from VICTIM 1.

D. **MANNER AND MEANS OF THE CONSPIRACY:**

The manner and means by which **THOMPSON**, N. Thomas, and other co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

1. On or about May 23, 2022, one of the co-conspirators created a Google email account that contained VICTIM 1's name ("THE EMAIL ACCOUNT"). The recovery email and short message service for THE EMAIL ACCOUNT belonged to **THOMPSON**.

2. On or around May 25, 2022, an account ending with x2483 was opened online at Capital One Bank ("CAPITAL ONE ACCOUNT") in the name of VICTIM 1, identifying THE EMAIL ACCOUNT as the email address and the address on **THOMPSON's** driver's license as the physical address. Login records provided by Capital One Bank show the IP address used to open the account was located near Dallas, Texas and was initiated by a device named "Nina's iPhone." On or around May 27, 2022, a check from VICTIM 1's former employer, payable to VICTIM 1, in the amount of $885,491.00, was deposited into the CAPITAL ONE ACCOUNT at a Capital One Branch in New Orleans, in the Eastern District of Louisiana. Between May of 2022

and May of 2023, more than $1,456,000.00 was deposited into the CAPITAL ONE ACCOUNT, including $100,000 from VICTIM 1's TD Ameritrade account and $80,000 from VICTIM 1's US Bank account.

3. On or around May 25, 2022, account 12-0020 was opened at Jefferson Financial Credit Union ("JFCU ACCOUNT") in the name of VICTIM 1, identifying THE EMAIL ACCOUNT as the email address and **THOMPSON's** cell phone as the home telephone number. The physical address on the application was the actual address of VICTIM 1. The JFCU ACCOUNT was opened with a deposit of $10 and on or around May 27, 2022, a wire transfer of $104,157.16, from VICTIM 1's TD Ameritrade account, was deposited into the JFCU ACCOUNT. Between May and July of 2022, over $860,000.00 from VICTIM 1's TD Ameritrade account was wired to the JFCU ACCOUNT.

4. On or around June 10, 2022, N. Thomas and **THOMPSON** used VICTIM 1's driver's license to fraudulently get a third-party credit card authorization notarized, to debit VICTIM 1's credit card. Individual 1 submitted the form to a plastic surgery practice causing $5,500 to be charged to VICTIM 1's credit card for Individual 1's breast implants.

5. On or around August 15, 2022, a forged Direct Deposit Authorization Form was submitted to VICTIM 1's former employer's union, directing all payments be sent to the CAPITAL ONE ACCOUNT.

6. On or around October 3, 2022, **THOMPSON** purchased a $28,796.59 Hermes Birkin handbag for N. Thomas, using funds fraudulently obtained from VICTIM 1, which were wired into the JFCU ACCOUNT.

## E. OVERT ACTS OF THE CONSPIRACY

1. On or around May 27, 2022, a wire transfer of $104,157.16, from VICTIM 1's TD Ameritrade account, was deposited into the JFFCU ACCOUNT by N. Thomas and **THOMPSON** without VICTIM 1's authorization.

2. On or around May 27, 2022, a check from the Baltimore Ravens, LP, VICTIM 1's former football team, payable to VICTIM 1, in the amount of $885,491.00, was deposited into the CAPITAL ONE ACCOUNT at a Capital One Branch on General DeGaulle Drive in New Orleans in the Eastern District of Louisiana by **N. Thomas** and THOMPSON without VICTIM 1's authorization.

3. On June 30, 2022, THOMPSON, using VICTIM 1's driver's license as identification, went to Capital One Bank on General DeGaulle Drive in New Orleans and withdrew $200,000.00 from the account opened in VICTIM 1's name by N. Thomas and **THOMPSON** a month earlier without VICTIM 1's authorization. In a bank audio recording of the teller requesting authority to deliver the funds, the teller is heard telling the other party that VICTIM 1 was requesting the withdrawal and that he had provided his driver's license as identification. The teller also reads VICTIM 1's Texas driver's license number to the other party as confirmation. Also, during the conversation between THOMPSON (acting as VICTIM 1) and the teller, when asked by the teller if he knows a "THOMPSON," he responds that he does not.

4. On August 5, 2022, **THOMPSON**, using VICTIM 1's driver's license as identification, went to Capital One Bank on General DeGaulle Drive in New Orleans and withdrew $130,000.00 from the account opened in VICTIM 1's name by N. Thomas and **THOMPSON** in May 2022 without VICTIM 1's authorization. In a bank audio recording of the teller requesting authority to deliver the funds, the teller is heard telling the other party that VICTIM 1 was

requesting the withdrawal and that he had provided his driver's license as identification. As verification that **THOMPSON** (acting as VICTIM 1) was the authorized account holder, the bank sent a code to one of the phone numbers listed on the account – N. Thomas' phone number - last four digits being 5938. Text messages reveal that N. Thomas sent the code to **THOMPSON** when she received it and **THOMPSON** relayed it to the teller to approve the transaction. Once the transaction was approved, the teller provided the funds to **THOMPSON**.

5. On or about February 17, 2023. **THOMPSON**, using VICTIM 1's driver's license as proof of identity, fraudulently sold VICTIM 1's 2021 Rolls Royce Cullinan automobile to Autobyzack, Inc.in Houston, Texas, without VICTIM 1's authorization for $139,039.72. Records obtained from Autobyzack, Inc. confirm that on February 16, 2023, a purchase agreement was executed with Autobyzack as the purchaser and VICTIM 1's signature, believed to be signed by THOMPSON, in the place of the seller.

6. On February 17, 2023, **THOMPSON** deposited the check from Autobyzack (No. 25597) for $139,039.72 into the CAPITAL ONE ACCOUNT at 313 Carondelet Street in New Orleans.

7. On or about May 16, 2023, **THOMPSON** and N. Thomas sold VICTIM 1's 2017 Continental G7 Bentley automobile to Autobyzack Inc. in Houston, Texas for $85,000.00 without VICTIM 1's authorization. The purchase agreement listed VICTIM 1 as the seller. Autobyzack, Inc. generated a check payable to VICTIM 1 in the amount of $85,000.00 (no. 28056).

8. **THOMPSON** deposited the check into the CAPITAL ONE ACCOUNT at a branch on Carondelet Street in New Orleans on May 17, 2023.

9. On or around June 10, 2022, N. Thomas and **THOMPSON** used VICTIM 1's driver's license to fraudulently complete a third-party credit card authorization for Avana Plastic

Surgery in Miami, Florida to allow an individual herein identified as "C.G." to debit VICTIM 1's US Bank credit card for C.G.'s surgery. A captured text message exchange on June 9, 2022, between N. Thomas and C.G. details N. Thomas telling C.G. that she will have **THOMPSON** notarize the document. The authorization form lists VICTIM 1 as the cardholder and lists his credit card number along with his signature.

10. **THOMPSON** had the form notarized in New Orleans and provided VICTIM 1's driver's license as identification. The notarial acknowledgement portion of the form lists VICTIM 1 as the appearer who acknowledges the information in the document is correct. The form also states that the notary verified the information with a driver's license.

11. The form was submitted to Avana Plastic Surgery in Miami Florida and caused $5,500 to be charged to VICTIM 1's credit card for C.G.'s surgery without VICTIM 1's authorization.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Possession with Intent to Distribute Cocaine)

On or about June 9, 2023, in the Eastern District of Louisiana, the defendant, **KEVIN THOMPSON,** did knowingly and intentionally possess with intent to distribute five hundred (500) grams or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## NOTICE OF FORFEITURE

1. The allegations of Counts 1 and 2 of this Superseding Bill of Information are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offense alleged in Count 1, the defendant, **KEVIN THOMPSON**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(D), and Title 28, United States Code, Section 2461(c), any property real or personal which constitutes or is derived from proceeds traceable to said offense, including, but not limited to:

One (1) Hermes Chevre Mysore Horseshoe Birkin 25 in gris perle and bleu paon;

One (1) Chanel denim quilted mini chain belt bag in blue, designer identification number KAC9K3H9;

One (1) yellow gold diamond double sided picture pendant purchased from ZoFrost & Co.;

One (1) yellow gold rope chain purchased from ZoFrost & Co.;

Two (2) yellow gold Hermes chains purchased from ZoFrost & Co.;

Three (3) custom pendants purchased from ZoFrost & Co.;

One (1) pair of Chanel NL526 Dore/Crista earrings;

One (1) pair of Chanel NL010 Dore Crista earrings;

One (1) pair of Chanel NM079 Dore Clair earrings;

One (1) Rhude A Perfect Day hoodie in vintage black;

One (1) Saint Laurent Varsity Hoodie Nero/Nature;

One (1) Balmain printed hoodie in green and black;

One (1) Marni multicolor stripe mohair sweater;

One (1) pair of Lanvin blue/green curb sneakers;

One (1) pair of Balenciaga black track LED sneakers;

One (1) all over skull bowling shirt;

One (1) Wes Lang skull bowling shirt;

One (1) pair of Dior mauve, mesh microfiber sneakers;

One (1) pair of Dior jacquard blue sneakers;

2018 Porsche Panamera, Vehicle Identification Number WP0AA2A76JL101813;

2020 Rolls Royce, Cullinan, black in color, Vehicle Identification Number SLATV8C03LU201971;

2020 Aston Martin, Vantage Coupe, red in color, Vehicle Identification Number SCFSAMGAW3LGN04175;

$228,860 in United States currency.

3. As a result of the offense alleged in Count 2, the defendant, **KEVIN THOMPSON**, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds the person obtained, directly or indirectly and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offense.

4. If any of the above-described property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.

DAVID I. COURCELLE
UNITED STATES ATTORNEY

ANDRÉ JONES
Assistant United States Attorney

New Orleans, Louisiana
November 10, 2026

*No.* 24-58 "O"

# United States District Court

FOR THE

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

*vs.*

KEVIN J. THOMPSON

SUPERSEDING BILL OF INFORMATION FOR CONSPIRACY TO COMMIT WIRE FRAUD AND VIOLATIONS OF THE FEDERAL CONROLLED SUBSTANCES ACT

VIOLATIONS: 18 U.S.C. § 371
18 U.S.C. § 1343
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)

*Filed* ______________, *20* 26

______________, *Clerk.*

*By* ______________, *Deputy*

*Assistant United States Attorney*
Andre Jones