**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

*André Jones*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3075*
*Fax: 504-589-4390*

November 12, 2026

Honorable Brandon S. Long
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Suite C317
New Orleans, Louisiana 70130

Re: United States v. Kevin Thompson
Criminal Docket No. 24-58 "O"

Dear Judge Long:

In compliance with *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government and Kevin Thompson, the defendant, acknowledge the following agreement in the above-captioned proceeding. Defendant's undersigned counsel, Roger Jordan, has reviewed the terms of this agreement with the defendant and has been advised by the defendant that the defendant fully understands the terms of this agreement.

The defendant understands the right to have charges approved by a grand jury before the defendant can be charged with a federal felony offense. However, as part of this agreement the defendant agrees that the government can charge the defendant by filing a bill of information which outlines the charges.

Should the Court accept the defendant's plea of guilty to Counts 1 and 2 of the Superseding Bill of Information, the Government agrees to request that the Court dismiss the original Indictment at the time of sentencing. However, the defendant understands that the Court is not bound to dismiss any count. The Government also agrees that it will not bring any other charges in the Eastern District of Louisiana arising from the defendant's violations of the Federal Controlled Substances Act prior to December 13, 2024, as long as the defendant has truthfully informed federal law enforcement officials of the full and complete details of those crimes prior to his guilty plea in this case). The defendant understands that this does not apply to crimes of violence that the defendant may have committed.



AUSA ____
Defendant K.T.
Defense Counsel ____

The term “crimes of violence” as used in this agreement covers all crimes, of any name and from any jurisdiction, prohibiting conduct that is of a violent nature against a person or property. The term “crime of violence” in this agreement does not invoke or require application of any categorical approach analysis.

**Maximum Penalties**

a. Imprisonment and Fine

The defendant further understands that the maximum penalty defendant may receive should the plea of guilty be accepted to Count One is 5 years imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571. The maximum penalty the defendant may receive should the plea of guilty be accepted to Count Two is not less than 5 years imprisonment and not more than 40 years imprisonment and a fine of $5,000,000 under Title 21, United States Code, Section 841(b)(1)(B).

b. Financial Obligations

By entering into this agreement, the defendant understands and agrees to the following regarding all financial obligations included in the defendant’s sentence and judgment:

The Court will order restitution in the amount of $3,497,444.64 to the victims of the offense to which the defendant is pleading guilty and of any offense for which the defendant is charged in. The defendant shall be held joint and severally liable for the payment of restitution with co-defendant Nina Thomas. The Court may consider all relevant conduct for the offenses of conviction and for any dismissed charges when determining victims and amounts of restitution.

The restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. Any restitution imposed will be non-dischargeable in any bankruptcy proceeding. The defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to any restitution obligation.

A mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Notwithstanding any payment schedule that may be ordered at sentencing or during probation or supervised release, the defendant is obligated to immediately pay in full any financial obligation imposed by the Court. Any payment schedule represents only a minimum payment obligation and does not preclude the Government from seeking satisfaction of the defendant’s full and immediately enforceable financial obligation.



AUSA ____
Defendant K.T.
Defense Counsel ____

The defendant also recognizes that any criminal monetary penalty, including but not limited to special assessments, criminal fines, or restitution, that is owed as a result of a conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to being included in the Treasury Offset Program.

c. Supervised Release

The defendant understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to 3 years pursuant to Title 18, United States Code, Section 3583 as to Count One and for a period not less than 4 years and up to life pursuant to Title 21, United States Code, Section 841(b)(1)(B) as to Count Two. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. The defendant fully understands that if the defendant violates any of the conditions of supervised release that the Court has imposed, the defendant's supervised release may be revoked and the defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

d. Sentencing Guidelines

The defendant understands that any discussions with the defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

**Waiver of Rights**

The defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal the conviction, sentence, fine, supervised release, forfeiture, restitution, and judgment imposed by the Court. The defendant also understands that the defendant may have the right to file collateral challenges to the conviction, sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. The defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.



AUSA ______
Defendant K.T.
Defense Counsel ______

Acknowledging these rights, and subject only to the exceptions indicated in subsection (e) below, the defendant, in exchange for the promise(s) and agreement(s) made by the Government in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest the defendant's guilty plea, conviction, sentence, fine, supervised release, forfeiture, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of the sentence and judgment, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which any aspect of the sentence and judgment was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to appeal or contest the manner in which forfeiture is imposed by any judge under any applicable forfeiture statutes and rules, including but not limited to the government's forfeiture proceedings on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment;

d. Waives and gives up any right to challenge any aspect of the defendant's sentence and judgment collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to the sentence of any kind; and

e. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the agreement, withdraws the decision to plead guilty, the guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the



AUSA ____
Defendant ____
Defense Counsel ____

defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

**Forfeiture of Assets**

The defendant understands forfeiture of property is part of the sentence that must be imposed in this case. The defendant agrees to immediately forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The property to be forfeited includes, but is not limited to, the following:

One (1) Hermes Chevre Mysore Horseshoe Birkin 25 in gris perle and bleu paon;

One (1) Chanel denim quilted mini chain belt bag in blue, designer identification number KAC9K3H9;

One (1) yellow gold diamond double sided picture pendant purchased from ZoFrost & Co.;

One (1) yellow gold rope chain purchased from ZoFrost & Co.;

Two (2) yellow gold Hermes chains purchased from ZoFrost & Co.;

Three (3) custom pendants purchased from ZoFrost & Co.;

One (1) pair of Chanel NL526 Dore/Crista earrings;

One (1) pair of Chanel NL010 Dore Crista earrings;

One (1) pair of Chanel NM079 Dore Clair earrings;

One (1) Rhude A Perfect Day hoodie in vintage black;

One (1) Saint Laurent Varsity Hoodie Nero/Nature;

One (1) Balmain printed hoodie in green and black;

One (1) Marni multicolor stripe mohair sweater;

One (1) pair of Lanvin blue/green curb sneakers;

One (1) pair of Balenciaga black track LED sneakers;



AUSA ______
Defendant K.T.
Defense Counsel ______

One (1) all over skull bowling shirt;

One (1) Wes Lang skull bowling shirt;

One (1) pair of Dior mauve, mesh microfiber sneakers;

One (1) pair of Dior jacquard blue sneakers;

2018 Porsche Panamera, Vehicle Identification Number WP0AA2A76JL101813;

2020 Rolls Royce, Cullinan, black in color, Vehicle Identification Number SLATV8C03LU201971;

2020 Aston Martin, Vantage Coupe, red in color, Vehicle Identification Number SCFSMGAW3LGN04175;

$228,860 in United States currency.

The defendant consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. Specifically, the defendant admits that the above-referenced property is property derived from proceeds traceable to the charged offense.

Upon signing this document and until the Court imposes all financial obligations and enters judgment, the defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before transferring any interest in property with a value exceeding $1,000.00 owned directly or indirectly, individually or jointly, by the defendant. This includes any interest held or owned under any name, including trusts, partnerships and corporations.

The defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within the defendant's possession. The defendant agrees to provide all financial information and documentation requested by the government, voluntarily execute a complete and thorough Financial Statement of Debtor, and provide the requested List of Items attached to the Financial Statement. The defendant understands this information may be provided to any victim or victim representative. The defendant expressly authorizes the Government to obtain the defendant's credit report and to inspect and copy all financial documents and information provided to and held by U.S. Probation.



AUSA ____
Defendant K.J
Defense Counsel ____

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

DAVID I. COURCELLE
ACTING UNITED STATES ATTORNEY

11/12/2026

ANDRÉ JONES Date
Assistant United States Attorney

KEVIN J. THOMPSON Date
Defendant

11/12/26

ROGER JORDAN Date
Attorney for Kevin Thompson